FILED
Jeffrey A. Apperson, Clerk
MAR 0 5 2007
U.S. DISTRICT COURT
WEST'N DIST. KENTUCKY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CRIMINAL ACTION NO.  4:05CR-03-M**

**UNITED STATES OF AMERICA**                                                        **PLAINTIFF**

**VS.**

**MICHAEL L. SANDERS**                                                                            **DEFENDANT**

### JURY INSTRUCTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

### I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The defendant is presumed innocent. The presumption of innocence remains with him unless the government presents evidence that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty. The defendant has no obligation to present any evidence at all or to prove to you in any way that he is innocent. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, then say so by returning a guilty verdict. If you are not convinced, then say so by returning a not guilty verdict.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

You must remember that the indictment is not evidence of any guilt. It is simply the formal way the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt and you may not consider it as such. Furthermore, the following things are not evidence and you may not consider them in deciding what the facts are:

1) Arguments and statements by lawyers are not evidence;

2) Questions and objections by lawyers are not evidence;

3) Testimony I have instructed you to disregard is not evidence; and,

4) Anything you may have seen or heard when the Court was not in session is not evidence.

## STATE OF MIND

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct

proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

All of these are matters for you to consider in deciding the facts.

## DEFENDANT'S ELECTION NOT TO TESTIFY

A defendant has an absolute right not to testify. The fact that he did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

I will now explain the elements of the crime that the Defendant is accused of committing.

## II. RULES OF LAW

## INSTRUCTION NO. 1

Title 18 U.S.C. § 513 makes it a crime for anyone to make, utter, or possess a forged or counterfeit security of an organization, which operates in interstate commerce, with the intent to deceive another person or organization. This crime has two elements:

**First**, that a person knowingly made, uttered or possessed a forged or counterfeit security of an organization; and

**Second**, that the person made, uttered or possessed the forged or counterfeit security with the intent to deceive someone.

The term "forged" means a document that purports to be genuine but is not because it has been falsely altered or contains a false addition thereto or insertion therein.

The term "counterfeit" means a document that purports to be genuine but is not because it has been falsely made or manufactured in its entirety.

The term "security" means, among other things, a check.

The term "organization" means, among other things, a legal entity, and includes a corporation, company, association, firm, or partnership which operates in or the activities of which affect interstate commerce.

The term "interstate commerce" means the flow of commerce or business activities between two or more states.

To act with "intent to deceive" means to act with intent to cheat, for the purpose of causing some financial loss to another or bringing about some financial gain to the defendant or another.



## INSTRUCTION NO. 2

### Count 1 -- Conspiracy

Count 1 of the Superseding Indictment charges that from on or about June 9, 2003, and continuing until on or about July 21, 2003, in the Western District of Kentucky, the Defendant, Michael L. Sanders, conspired to commit the crime of making, uttering, and possessing a forged or counterfeit security of an organization in violation of federal law, Title 18 United States Code § 513. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find the defendant, Michael L. Sanders, guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

**First**, that two or more persons conspired, or agreed, to commit the crime of making, uttering, and possessing a forged or counterfeit security of an organization as described in Instruction No. 1;

**Second**, that the defendant knowingly and voluntarily joined the conspiracy; and

**Third**, that a member of the conspiracy did at least one of the overt acts described in the Superseding Indictment for the purpose of advancing or helping the conspiracy.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find the defendant guilty of the conspiracy charge.

### Agreement

With regard to the first element -- a criminal agreement -- the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of making, uttering, or possessing a forged or counterfeit security of an organization.

This does not require proof of any formal agreement, written or spoken. Nor does this

require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of making, uttering or possessing a forged or counterfeit security of an organization. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

### Defendant's Connection to the Conspiracy

If you are convinced that there was a criminal agreement, then you must decide whether the government has proven that the defendant, Michael L. Sanders, knowingly and voluntarily joined the agreement. To convict the defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined the conspiracy intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of the conspiracy from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done

something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more, they are not enough.

What the government must prove is that a defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. This is essential.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the name of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the Defendant conspired with one or more of them. Whether they are named or not does not matter.

### Overt Acts

The Government must also prove that a member of the conspiracy did one of the overt acts described in the Superseding Indictment for the purpose of advancing or helping the conspiracy.

The Superseding Indictment lists 15 overt acts. The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal. But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the

## INSTRUCTION NO. 3

The word "knowingly," as that term has been used from time to time in these instructions means that the acts were done voluntarily and intentionally, not because of mistake or accident.

The word "intentionally," as that term has been used from time to time in these instructions means that the acts were done deliberately and purposefully. In other words, the Defendant's acts, if any, must have been the product of his conscious objective and plan, rather than the product of a mistake, accident, or misunderstanding.

# INSTRUCTION NO. 4

## Testimony of Witness Under Grant of Immunity or Reduced Criminal Liability

You have heard the testimony of Ponell Johnson and Stephanie Johnson. You have also heard that the government has promised them it will recommend reduced criminal liability in exchange for the information provided to the government, their cooperation in the investigation, and testimony against the Defendant.

It is permissible for the government to make such a promise. But you should consider such testimony with more caution than the testimony of other witnesses. Consider whether his or her testimony may have been influenced by the government's promise.

Do not convict the Defendant based on the unsupported testimony of such a witness standing alone, unless you believe his testimony beyond a reasonable doubt.

# INSTRUCTION NO. 5

## Testimony of an Accomplice

You have also heard that Ponell Johnson and Stephanie Johnson were involved in the same crime that the defendant, Michael L. Sanders, is charged with committing. You should consider these witnesses' testimony with more caution than the testimony of other witnesses.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his or her testimony beyond a reasonable doubt.

The fact that Ponell Johnson has pleaded guilty to a crime and the fact that Stephanie Johnson entered into a pretrial diversion agreement is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

# INSTRUCTION NO. 6

## Impeachment Of Witness By Prior Conviction

You have heard the testimony of Ponell Johnson, Stephanie Johnson, Penny Daugherty, Jennifer Sparks, William Daugherty, Skyler Ray, Michelle Carter, Brandon Swanagan, Debra Price, and Tamara Turner. You have also heard that before this trial they were convicted of a crime.

This earlier conviction was brought to your attention only as one way of helping you decide how believable their testimony was. Do not use it for any other purpose. It is not evidence of anything else.

## INSTRUCTION NO. 7

The Indictment charges that the crime occurred "on or about" a certain date. Although the government does not have to prove with certainty the exact date of the alleged offense, the government must prove that the offense was committed on a date reasonably near the date alleged.



## INSTRUCTION NO. 8

If you decide that the government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.



## III. JURY DELIBERATIONS

I come now to the last part of the instructions, the rules for your deliberations.

### UNANIMOUS VERDICT

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court. Your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

### REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with each other, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you

think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may

send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.



| Act | Date | Location | Payor | Check # | Amount |
|---|---|---|---|---|---|
| A. | 7/1/03 | Owensboro | Concord Custom Cleaners | 6719 | 256.34 |
| B. | 7/2/03 | Owensboro | Concord Custom Cleaners | 6720 | 452.32 |
| C. | 7/2/03 | Owensboro | Hayden Pat Movers | 6722 | 456.23 |
| D. | 7/2/03 | Owensboro | Hayden Pat Movers | 6725 | 484.65 |
| E. | 7/2/03 | Owensboro | Hayden Pat Movers | 6726 | 245.65 |
| F. | 7/3/03 | Owensboro | Hayden Pat Movers | 6729 | 234.23 |
| G. | 7/3/03 | Owensboro | Hayden Pat Movers | 6731 | 289.45 |
| H. | 7/3/03 | Owensboro | Hayden Pat Movers | 6732 | 298.66 |
| I. | 7/3/03 | Owensboro | Hayden Pat Movers | 6733 | 296.45 |
| J. | 7/10/03 | Bowling Green | Greenwood Clinic | 6838 | 487.36 |
| K. | 7/10/03 | Bowling Green | Greenwood Clinic | 6838 | 487.36 |
| L. | 7/10/03 | Bowling Green | Greenwood Clinic | 6840 | 475.98 |
| M. | [redacted] | | | | |
| N. | [redacted] | | | | |
| O. | 7/10/03 | Bowling Green | Greenwood Clinic | 6846 | 423.56 |
| P. | [redacted] | | | | |
| Q. | [redacted] | | | | |
| R. | 7/10/03 | Bowling Green | Greenwood Clinic | 6846 | 423.56 |
| S. | 7/10/03 | Bowling Green | Greenwood Clinic | 6845 | 325.98 |
| T. | [redacted] | | | | |